# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

JEANINE CORRIGAN,

       Plaintiff,

v.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,  a/k/a LIBERTY MUTUAL
and
OPPENHEIMER FUNDS, INC.,

       Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Jeanine Corrigan, by and through her attorneys, Michael S. Krieger, P.C. of the firm of Noel & Krieger, and sets forth her Complaint against the abovenamed Defendants.

1. This an action for long term disability benefits owed to Jeanine Corrigan hearafter "Plaintiff") and arises under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq.

2. Plaintiff seeks judicial review of the final denial of disability benefits by the Defendants, having exhausted all of her administrative remedies.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under ERISA, 29 U.S.C. §1132(e)(1) and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue and jurisdiction is proper in the District of Colorado pursuant to 29 U.S.C. § 1132(e)(2) because this claim arises out of Plaintiff's status as a resident in

this District and the Defendants conduct business in Colorado at this time.

## PARTIES

5. Plaintiff is a citizen and resident of the State of Colorado with a home address of 1082 Riddlewood Road, Highlands Ranch, CO 80129

6. The Defendant, Liberty Life Assurance Company of Boston a/ka/ Liberty Mutual ("Carrier") is a Massachusetts corporation registered to conduct business in Colorado, and underwrites a disability income policy sponsored by Oppenheimer Funds, Inc., acts as claims administrator of the Plan and its related compnents, and is responsible for all liabilities stated in this Complaint.

7. The Defendant, Oppenheimer Funds, Inc. ("Employer"), is a foreign corporation doing business as an employer of Colorado residents in Colorado, albeit not registered to do so with the Colorado Secretary of State. The Employer acts as the Sponsor and Plan Administrator of an employee benefit plan, called The Oppenheimer Management Corporation Group Long Term Disability Plan, with a Sponsor IRS identification number of 13-2527171 ("the Plan").

## THE PLAN

8. The Plan was provided to Plaintiff an as an employee benefit for individuals employed and formerly employed by the Employer. The Plan provides eligibility for a monthly income benefit, subject to the limitations and conditions of the Plan, if the Plaintiff would become disabled.

9. The Plan provides to eligible participants, after an elimination period, a monthly disability benefit based on a percentage of monthly earnings, minus "other income benefits," which includes social security disability benefits. Said benefits are to be payable monthly until Plaintiff reaches at least the age of 65.

10. At all material times hereto, all of the Defendants were and are the agents of one another, and all of the Defendants are vicariously and directly liable for the

Plaintiff's claims herein for each other's actions and omissions.

## CLAIM FOR RELIEF

11. Commencing on or around September 22, 2003, the Plaintiff became disabled due to debilitating pain and loss of function, including but not limited to, the following syndromes, conditions and diseases: severe headaches and facial pain, trigeminal nerve pain, trigeminal nerve disease, autoimmune and/or immune disorder(s), chronic herpes simplex viral infection, fatigue, and visual disturbances.

12. Plaintiff had submitted Plaintiff's application for Plan benefits directly to the Defendants in compliance with the Plan's written instructions, while Plaintiff was still an employee of the Employer.

13. Plaintiff was found initially to be disabled, effective December of 2003, and received disability benefits for approximately 8 to 9 months.

14. By way of a letter dated September 16, 2004, the Carrier denied further disability benefit payments to the Plaintiff, effective September 16, 2004.

15. The Plaintiff appealed th September 16, 2004, denial and obtained an extension to complete her appeal up to and including May 9, 2005, submitting additional medical records and affidavits in support of said appeal.

16. By way of a letter dated July 25, 2006, the Defendants affirmed their decision to deny benefits, stating also that Plaintiff's administrative rights to review were exhausted and no further reviews would be performed by the Defendants.

17. ERISA, Section 502(a)(1)(b) and 29 U.S.C. 1132(a)(1)(b) provides that a plan participant, such as the Plaintiff, has a right to commence a civil action to recover benefits and enforce that person's rights under the terms of the Plan.

18. The Plan itself or a Plan-related agreement or employee benefit requires that the Employer and/or the Carrier pay premiums on and for a group life insurance policy insuring the life of the Plaintiff, which premium payments have been suspended

or stopped by these Defendants, resulting in the suspension or loss of coverage with respect to the group life insurance policy insuring the life of the Plaintiff.

19. Plaintiff was wrongfully denied benefits under the Plan and is owed continuing disability benefits from the date said denial was effective, plus any and all cost of living adjustments afforded under the Plan, any applicable future benefits, prejudgment interest (8% interest under Colorado law) for any back due benefits, and reasonable attorneys fees and costs pursuant to 29 U.S.C 1132(g)(1) and other applicable law.

20. The Carrier and the Employer failed to comply with their fiduciary, contractual, regulatory and/or statutory obligations under federal law, by the following acts and omissions:

a. Taking actions as decision-maker(s) while in an inherent and/or actual conflict of interest, as Defendants are investigators, adjudicators and payers of claims under the Plan;

b. Failing to provide coherent, specific reasons for denying the Plaintiff's claim and failing to perform other duties described in 29 U.S.C. 1133 and Regulation 29 U.S.C. 2560.503.1;

c. Failing to give the Plaintiff specific and factual reason(s) why certain medical evidence, including the conclusions of examining physicians provided by Plaintiff, were ignored or uncontroverted by the Defendant(s) or its records examiner;

d. Failing to explain why Plaintiff's entitlement to benefits was denied in view of overwhelming medical evidence of disability submitted by Plaintiff;

e. Failing to identify, provide the curriculum vitae, or state the qualifications of the medical record reviewer employed by Defendants prior to July 25, 2005, so as to prevent the Plaintiff from researching the qualifications of said medical reviewer or his or her true independence from Defendants;

f. Denying benefits based upon a highly selective and self-serving review of portions of medical and other records, "cherry-picking" portions of records while rejecting the conclusions of the treating physicians and providers who prepared said medical records and reports;

g. Failing to send Plaintiff to a qualified independent medical doctor for an actual physical examination with simultaneous review of medical records;

h. Adding implicit requirements to coverage not contained in the Plan;

i. "Sandbagging" the Plaintiff by relying upon new evidence to deny a claim on July 25, 2005, and stating that no rebuttal evidence would be considered in letters dated July 25, 2005, and June 22, 2006;

j. Failing to abide by the deadlines and rules set out in the Plan;

k. Failing to abide by the deadlines and other rules set out in ERISA regulations and statutory law; and/or

l. Failing to perform other acts which a reasonable, full and fair review of the claim requires under the circumstances of this case.

21. As a result of the actions and omissions of the Defendants, the Defendants are liable to the Plaintiff for damages under ERISA, which include but are not limited to the following: back payments of benefits, cost of living adjustments, if any, interest on back due benefits, reinstatement of benefits, attorneys fees, costs, and other damages.

**WHEREFORE**, Plaintiff requests the following from this Honorable Court:

1. That the Court declare that Defendants have breached their fiduciary, contractual, statutory, regulatory and other duties, obligations, and responsibilities to Plaintiff under ERISA;

2. That the Court declare that the Plaintiff has proven that Plaintiff remains disabled from performing employment within the Plan definitions;

3. That the Court declare that Plaintiff is entitled to recover all back due and

continuing disability benefits, including disability income Plan benefits and any payment of premiums for, and reinstatement of, any group life insurance payable due to the Plaintiff's disability because the Defendants' decisions contain legal error, conflicts with the plain language of the Plan; and is not supported by a preponderance of the evidence, among other reasons more fully stated above in the Complaint;

4. That the Court order the Defendants, jointly and severally, to pay all back benefits due to Plaintiff under the Plan, including any and all cost of living adjustments and reinstatement of any group life insurance benefits;

5. That the Court order the Defendants, jointly and severally, to pay prejudgment and/or other interest at the rate set by Colorado law (8%) or other applicable law on the disability benefits wrongly withheld from Plaintiff;

6. That the Court order Defendants to pay the Plaintiff the costs of suit herein, and reasonable attorneys fees, pursuant to ERISA section 502(g)(1), 29 U.S.C. § 1132(g)(1), and under any other applicable law;

7. That the Court order Defendants to pay penalties and assessments for failing to abide by ERISA regulations and statutory law; and/or

8. That the Court order such other legal and equitable relief as may be proper.

Noel & Krieger
A-Law Partnership of Professional Corporations

_(signature)_

Michael S. Krieger, P.C.
165 South Union Blvd., Suite 555
Lakewood, CO 80228
303 781 5559  //  Fax: 303 781 1349
Email address: m.krieger@comcast.net